Terrence R. McInnis, Bar No. 155416
terrence.mcinnis@troutman.com
James A. Hazlehurst, Bar No. 257711
james.hazlehurst@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Defendants
EVANSTON INSURANCE COMPANY, MARKEL SERVICE, INCORPORATED, and MARKEL CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANNA KADAR BEAUTY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, an Illinois corporation; MARKEL SERVICE, INCORPORATED, a Virginia corporation; MARKEL CORPORATION, a Virginia corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:21-cv-595<br><br>[Orange County Superior Court Case No. 30-2021-01185933-CU-MC-CJC]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>Action Filed: February 24, 2021 |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES:**

PLEASE TAKE NOTICE that Defendants EVANSTON INSURANCE COMPANY, MARKEL SERVICE, INCORPORATED, and MARKEL CORPORATION (collectively "Defendants"), hereby remove this action from the Superior Court of the State of California for the County of Orange to the United

States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1332 and 1441. Removal is proper because this Court has subject matter diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, Defendants remove this action and, in addition, state the following:

### **Timeliness of Removal**

1. On February 24, 2021, Plaintiff Manna Kadar Beauty, Inc. ("Plaintiff") filed a Complaint captioned *Manna Kadar Beauty, Inc. v. Evanston Insurance Company, an Illinois Corporation; Markel Service, Incorporated, a Virginia Corporation; Markel Corporation, a Virginia corporation; and Does 1-10, inclusive*, case number 30-2021-01185933-CU-MC-CJC against Defendants in the California Superior Court for the County of Orange (the "State Court Action").

2. On March 1, 2021, Defendants were served for the first time with the Complaint, Summons, and Civil Case Cover Sheet in the State Court Action. *See* Exhibit A, Proof of Service of Summons.

3. Removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within thirty (30) days after service of the Complaint.

### **Venue**

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the U.S. District Court for the Central District of California is the federal judicial district encompassing the Superior Court for the County of Orange where the State Court Action was originally filed. *See* 28 U.S.C. § 84(c)(3). Assignment to the Southern Division of this Court is appropriate because Plaintiff filed the State Court Action in the Orange County Superior Court. *Id.*

### **Subject Matter Jurisdiction**

5. The Complaint is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332, and which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), on diversity of citizenship in that it is a civil action between citizens of different states and the

amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as set forth more fully below.

There is Complete Diversity of Citizenship

6. Defendant Evanston Insurance Company is, and at all relevant times was, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Rosemont, Illinois. *See* Complaint, Exh. "A" hereto at ¶ 6; *see also* Declaration of Jeanette M. Bourey ("Bourey Dec."), ¶ 2.

7. Defendant Markel Service, Incorporated is, and at all relevant times was, a corporation organized and existing under the laws of the State of Virginia with its principal place of business in Glen Allen, Virginia. *See* Complaint, Exh. "A" hereto at ¶ 7; *see also* Bourey Dec., ¶ 3.

8. Defendant Markel Corporation is, and at all relevant times was, a corporation organized and existing under the laws of the State of Virginia with its principal place of business in Glen Allen, Virginia. *See* Complaint, Exh. "A" hereto at ¶ 8; *see also* Bourey Dec., ¶ 4.

9. Plaintiff Manna Kadar Beauty, Inc. is a Delaware corporation with its principal place of business in Irvine, California. *See* Complaint, Exh. "A" hereto at ¶ 5; *see also* Declaration of James Hazlehurst ("Hazlehurst Dec."), Exh. "1.")

**Amount in Controversy**

10. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.

11. The Complaint in this action seeks a declaration that Defendants are obligated to defend and indemnify Plaintiff under commercial general liability Policy No. 3AA339942 issued to Plaintiff for the May 17, 2019 to May 17, 2020 Policy Period (the "Policy") in connection with FabFitFun, Inc's ("FabFitFun") counterclaim (the "Counterclaim") against Plaintiff in an underlying arbitration captioned *Manna Kadar Beauty, Inc. v. FabFitFun, Inc.*, AAA Arbitration No. 01-19-0003-0245 (the "Arbitration"). *See* Complaint, Exh. "A" hereto, ¶¶ 1, 12, Prayer

for Relief, ¶¶ A-B. The Policy has a $1 million limit per occurrence and a $2 million aggregate limit. *Id*. at ¶ 12.

12. The Arbitration involves a dispute over whether a body scrub Plaintiff sold to FabFitFun, Inc. for inclusion in FabFitFun's quarterly subscription service was a nonconforming good. *See* Counterclaim, Exh. "2" to Bourey Dec. at ¶¶ 1-4. Specifically, FabFitFun alleges in the Counterclaim that Plaintiff sold it a body scrub that was supposed to contain Dead Sea minerals and activated charcoal, but that the body scrub it received did not contain either ingredient. *Id*. at ¶¶ 2, 4. FabFitFun seeks replacement of the non-conforming goods with conforming goods from Plaintiff, plus attorneys' fees and costs. *Id*. at Prayer for Relief, ¶ 2.c. The amount at issue in the underlying arbitration is at least $1,324,000, which is the alleged value of the goods at issue. *Id*. at ¶ 7.

13. In this action, Plaintiff also seeks an unspecified sum of exemplary and punitive damages against Defendants. *See* Complaint, Exh. "A" hereto, Prayer for Relief, ¶ D. Punitive damages can also be considered in the amount-in-controversy calculation. *See Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001) (*citing Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943) ("[i]t is well established that punitive damages are part of the amount in controversy in a civil action). Plaintiff also seeks to recover its attorneys' fees in this action. *Id.* at ¶ E. Such damages are also potentially recoverable (*see Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985)), and thus should be included as part of the amount in controversy. *See Campbell v. Hartford Life Ins. Co*., 2011 U.S. Dist. LEXIS 106582, *9 (E.D. Cal. 2011) ("Because attorney's fees attributable to the prosecution of Plaintiff's breach of contract cause of action are recoverable via her Bad Faith claim, such fees may therefore be included in determining the amount in controversy."). Therefore, when accounting for the amounts sought in the Counterclaim, the Policy limit and all of the above-referenced damages, the amount in controversy in this case significantly exceeds the jurisdictional amount. *See Richmond v. Allstate Ins. Co*., 897 F. Supp

447, 449-450 (S.D. Cal. 1995) (punitive damages and attorneys' fees are to be considered in calculating the amount in controversy).

14. Based on the above facts, it is apparent that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

## Process

15. True and correct copies of the following documents are attached to this Notice of Removal:

**Exhibit A**: Summons and Complaint

16. Written notice of the filing of this Notice of Removal has been given to all adverse parties and a copy has been filed with the Clerk of the Superior Court of the State of California, County of Orange, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that this action in the Superior Court of California for the County of Orange be removed to this Court.

Dated: March 31, 2021      TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Terrence R. McInnis*
   Terrence R. McInnis
   James A. Hazlehurst

   Attorneys for Defendants
   EVANSTON INSURANCE COMPANY,
   MARKEL SERVICE, INCORPORATED, and
   MARKEL CORPORATION