# EXHIBIT "A"



**Service of Process Transmittal**
03/01/2021
CT Log Number 539128605

| | |
|---|---|
| **TO:** | Kathleen Sturgeon<br>Markel<br>10275 W HIGGINS RD STE 750<br>ROSEMONT, IL 60018-5625 |
| **RE:** | **Process Served in California** |
| **FOR:** | Markel Service, Incorporated  (Domestic State: VA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MANNA KADAR BEAUTY, INC., ETC., PLTF. vs. EVANSTON INSURANCE COMPANY, ETC., ET AL., DFTS. // TO: MARKEL SERVICE, INCORPORATED |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 30202101185933CUMCCJC |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/01/2021 at 02:21 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780118188198<br><br>Image SOP<br><br>Email Notification,  Kathleen Sturgeon  legalregulatory@markel.com<br><br>Email Notification,  Laurie Ford  laurie.ford@markel.com<br><br>Email Notification,  Scott Olson  scott.olson@markel.com<br><br>Email Notification,  Karen Earls  karen.earls@markel.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| Date: | Mon, Mar 1, 2021 |
| Server Name: | ASAP LEGAL |

| | |
|---|---|
| Entity Served | MARKEL SERVICE, INCORPORATED |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 30.2021.01185933.cu.mc.cjc |
| Jurisdiction | CA |



Electronically Filed by Superior Court of California, County of Orange, 02/24/2021 09:58:36 AM.
30-2021-01185933-CU-MC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Gill, Deputy Clerk.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EVANSTON INSURANCE COMPANY, an Illinois corporation; MARKEL SERVICE, INCORPORATED, a Virginia corporation; MARKEL CORPORATION, a Virginia corporation; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MANNA KADAR BEAUTY, INC., a California corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Judge John C. Gastelum
Orange County Superior Court
Central Justice Center
700 Civic Center Drive West
Santa Ana, CA 92701

**CASE NUMBER:**
*(Número del Caso):* 30-2021-01185933-CU-MC-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wayne R. Gross (Bar No. 138828); Evan C. Borges (Bar No. 128706); Deborah S. Mallgrave (Bar No. 198603)
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626 Telephone: 949-383-2800

DATE: 02/24/2021   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by Arlene Gill, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: MARKEL SERVICE, INCORPORATED, A VIRGINIA CORPORATION
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 02/24/2021 09:58:36 AM.
30-2021-01185933-CU-MC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Gill, Deputy Clerk.

WAYNE R. GROSS, State Bar No. 138828
   WGross@GGTrialLaw.com
EVAN C. BORGES, State Bar No. 128706
   EBorges@GGTrialLaw.com
DEBORAH S. MALLGRAVE, State Bar No. 198603
   DMallgrave@GGTrialLaw.com
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Plaintiff Manna Kadar Beauty, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| MANNA KADAR BEAUTY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, an Illinois corporation; MARKEL SERVICE, INCORPORATED, a Virginia corporation; MARKEL CORPORATION, a Virginia corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>(1) DECLARATORY JUDGMENT<br>(2) BAD FAITH — UNREASONABLE FAILURE TO DEFEND |

COMPLAINT

Plaintiff Manna Kadar Beauty, Inc. ("MKB") alleges as follows:

## I. NATURE OF THE ACTION

1. In this action, MKB seeks a declaratory judgment that a Commercial General Liability insurance policy (the "Policy") that Evanston Insurance Company ("Evanston") and its parent company, Markel Corporation ("Markel"), issued to MKB establishes coverage for an underlying cross-demand for arbitration brought by FabFitFun ("FFF") against MKB. The underlying arbitration is captioned *Manna Kadar Beauty, Inc. v. FabFitFun, Inc.*, AAA Arbitration No. 01-19-0003-0245 (the "Arbitration").

2. In the underlying arbitration, FFF has alleged (without merit) that MKB's Charcoal Body Scrub (the "Scrub") caused personal injuries. FFF's claims in the Arbitration are covered under the Policy. The Policy provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Policy § I.1.a.) Importantly, the Policy provides, "[w]e will have the right and *duty to defend the insured against any 'suit'* seeking those damages." (*Ibid.*; emphasis added.)

3. Moreover, under California law, the insurer has a broad duty to defend. For example, "that the precise causes of action pled by the third party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." (*Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643, 654.) "In general, where there is any doubt as to whether the duty to defend exists, the doubt must be resolved in favor of the insured and against the insurer." (*Ringler Associates Inc. v. Maryland Cas. Co.* (2000) 80 Cal.App.4th 1165, 1186.) Thus, under the California law, Markel is obligated to provide coverage.

4. Despite the claims made in the Arbitration of bodily injury, Evanston and Markel have refused to provide coverage. MKB therefore brings this action for declaratory relief, which seeks a declaration that the Policy provides coverage for the Arbitration, and that Evanston and Markel have a duty to provide for MKB's defense. MKB also alleges that Evanston and Markel

acted in bad faith in denying MKB's claim. In particular, given the broad scope of the insurer's duty to defend, and the allegations made in the Arbitration, Evanston and Markel have no good-faith basis to deny coverage. MKB therefore also seeks monetary damages, including punitive damages.

## II. PARTIES

5. Plaintiff Manna Kadar Beauty, Inc. is a cosmetics company located in Irvine, California.

6. Defendant Evanston Insurance Company is an insurance company that, on information and belief, is based in Illinois.

7. Defendant Markel Service, Incorporated ("Markel Service") is a claim service manager for Evanston Insurance Company and, on information and belief, is headquartered in Glen Allen, Virginia.

8. Defendant Markel Corporation is a holding company for insurance, reinsurance, and investment operations. On information and belief, Defendants Evanston Insurance Company and Markel Service are subsidiaries of Markel Corporation, which is headquartered in Glen Allen, Virginia.

## III. JURISDICTION AND VENUE

9. The Court has jurisdictional over this matter. An endorsement to the Policy provides that, "It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of the Named Insured, will submit to the jurisdiction of a court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court." Further, the endorsement states, "Pursuant to Section 1772, et seq., of the California Insurance Code, a surplus line insurer may be sued upon any cause of action arising in this state under any surplus line insurance contract made by it, or any evidence of insurance issued or delivered by the surplus line broker, pursuant to the procedures set forth in Sections 1610 to 1620, inclusive."

10. MKB is based in Irvine, California, and this lawsuit relates to an arbitration

currently pending in California.

11. Accordingly, this matter is properly before the Orange County Superior Court.

## IV. FACTUAL ALLEGATIONS

### A. The Policy

12. Evanston and Markel issued policy number 3AA339942 to MKB (the "Policy"). The Policy is a Commercial General Liability ("CGL") policy. Per the declarations page of the Policy, the Policy has a general aggregate limit of $2,000,000. The aggregate limit for "Products/Completed Operations" is also $2,000,000. The policy also provides a $1,000,000 limit for "Personal and Advertising Injury," and a limit of $1,000,000 for "Each Occurrence." The "Common Policy Declarations" page states that the "Policy Period" is "5/17/2019 to 05/17/2020."

13. The Policy provides that the insurer will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (CGL Coverage Form at ¶ 1(a).) The Policy further provides that the insurer "will have the right and duty to defend the insured against any 'suit' seeking those damages." (*Ibid.*)

14. According to the Manufacturers and Distributors Value Enhancement endorsement to the Policy, "'Bodily injury' means: a. Bodily injury, sickness or disease sustained by a person, including mental anguish or emotional distress resulting from any of these; or b. Death resulting from bodily injury, sickness or disease."

### B. FFF's Claims Against MKB in the Arbitration

15. In the underlying cross-demand for arbitration brought by FFF against MKB, FFF claims that MKB's Scrub caused its customers to suffer bodily injuries.

16. FFF claimed that "[s]everal customers complained about getting rashes and breaking out in hives." FFF also insinuated that one of the Scrub's ingredients was not "100% safe."

17. FFF further claimed that "a number of customers complained about getting rashes after applying the" Scrub. According to FFF, its "customers complained of getting 'itchy/burning red bumps,' 'painful burns,' 'chemical-like burns,' and breaking out in 'hives.'"

18. Although MKB denies FFF's claims, and insists that the Scrub is a quality product that has not caused consumer harm, there can be no doubt that FFF has alleged bodily injuries given the plain language of its counter-demand for arbitration.

### C. MKB Tenders Its Claim and Evanston Insurance Company Refuses to Provide Coverage

19. Through counsel, MKB tendered its claim to Evanston Insurance Company. Evanston assigned a claim number of C065859, and assigned adjuster Sanjay Shivpuri to the file. Mr. Shivpuri is a Sr. Claims Examiner who works for Markel in Deerfield, Illinois.

20. On or about December 18, 2019, MKB received a "Disclaimer of Coverage"

21. The Disclaimer of Coverage stated, "Markel Service, Incorporated, as claim service manager for Evanston Insurance Company ('Evanston'), acknowledges receipt of Counter-Claimant FabFitFun, Inc.'s ('FabFitFun') Counter Demand for: 1) Breach of Contract; and 2) Declaratory Relief ('Counter-Demand') against Manna Kadar Beauty, Inc. ('Insured') dated November 19, 2019, pending before the American Arbitration Association in Action No. 01-19-0003-0245."

22. The Disclaimer of Coverage further stated, "Based upon a review of the Counter-Demand and the policy, Evanston disclaims coverage for the claims asserted in the Counter-Demand." Thus, Defendants have improperly refused to defend against counter-claims alleging bodily injury in the Arbitration.

## V. FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)
### (Against Defendants Evanston Insurance Company; Markel Service; Markel Corporation)

23. Plaintiff hereby incorporates by reference paragraphs 1 through 22 of this Complaint as though set forth in full herein.

24. An insurer must defend against a suit even "where the evidence suggests, but does not conclusively establish, that the loss is not covered." (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 299.)

25. "Moreover, that the precise causes of action pled by the third party complaint may fall

outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." (*Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643, 654.) "If any facts stated or fairly inferable in the complaint, or otherwise known or discovered by the insurer, suggest a claim potentially covered by the policy, the insurer's duty to defend arises and is not extinguished until the insurer negates all facts suggesting potential coverage." (*Id.* at p. 655.)

26. "In general, where there is any doubt as to whether the duty to defend exists, the doubt must be resolved in favor of the insured and against the insurer." (*Ringler Associates Inc. v. Maryland Cas. Co.* (2000) 80 Cal.App.4th 1165, 1186.) In an action seeking a declaration that an insurer has a duty to defend, "the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot." (*Montrose, supra*, 6 Cal.4th at p. 300.)

27. The Policy provides coverage for claims involving "bodily injury." The Policy provides that the insurer will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (CGL Coverage Form at ¶ 1(a).) The Policy further provides that the insurer "will have the right and duty to defend the insured against any 'suit' seeking those damages." (*Ibid.*)

28. The claims asserted by FFF in the underlying counter-demand for arbitration include bodily injury claims. FFF claimed that "[s]everal customers complained about getting rashes and breaking out in hives." FFF further claimed that "a number of customers complained about getting rashes after applying the" Scrub. According to FFF, its "customers complained of getting 'itchy/burning red bumps,' 'painful burns,' 'chemical-like burns,' and breaking out in 'hives.'"

29. Accordingly, under the Policy, Defendants have a duty to defend. In refusing to provide coverage and defense, Defendants have breached that duty. An actual controversy therefore exists, and MKB is entitled to a judicial declaration of its rights under the Policy.

## VI. SECOND CLAIM FOR RELIEF

(Bad Faith — Unreasonable Failure to Defend)

(Against Defendants Evanston Insurance Company; Markel Service; Markel Corporation)

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 of this Complaint

as though set forth in full herein.

31. MKB was harmed by Defendants' breach of the obligation of good faith and fair dealing because Defendants failed to defend MKB in an arbitration that was brought against it.

32. MKB was insured under an insurance policy with Defendants, i.e., the Policy.

33. An arbitration was brought against MKB, and MKB gave Defendants timely notice that it was subject to a counter-demand for arbitration.

34. Defendants unreasonably, that is, without proper cause, failed to defend MKB against the arbitration.

35. MKB was harmed, including, without limitation, by having to pay legal expenses that otherwise would have been paid by Defendants.

36. Defendants' conduct was a substantial factor in causing MKB's harm.

## VII. PRAYER FOR RELIEF

WHEREFORE, MKB prays that this Court order, adjudge and decree the following relief:

A. A judicial declaration that the Policy requires Defendants to advance costs of defense, including legal fees, to defend against FFF's claims in the Arbitration;

B. A judicial declaration that the Policy requires Defendants to indemnify MKB against FFF's claims in the Arbitration relating to bodily injury;

C. Monetary damages resulting from Defendants' failure to provide coverage;

D. Punitive and exemplary damages;

E. Attorneys' fees and costs of suit; and

F. For such other and further relief as the Court may deem just and proper.

DATED: February 23, 2021      GREENBERG GROSS LLP

By: *Deborah S. Mallgrave*
Wayne R. Gross
Evan C. Borges
Deborah S. Mallgrave
Attorneys for Plaintiff Manna Kadar Beauty, Inc.

Electronically Filed by Superior Court of California, County of Orange, 02/24/2021 09:58:36 AM.
30-2021-01185933-CU-MC-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Gill, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Wayne R. Gross (Bar No. 138828); Evan C. Borges (Bar No. 128706); GREENBERG GROSS LLP    Deborah S. Mallgrave (Bar No. 198603) 650 Town Center Drive, Suite 1700 Costa Mesa, CA 92626 | |
| TELEPHONE NO.: 949-383-2800    FAX NO.: 949-383-2801 | |
| ATTORNEY FOR *(Name):* Plaintiff Manna Kadar Beauty, Inc., a California corporation | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME: MANNA KADAR BEAUTY, INC. v. EVANSTON INSURANCE COMPANY; MARKEL SERVICE, INCORPORATED; MARKEL CORPORATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited    ☐ Limited (Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☒ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 23, 2021
Deborah S. Mallgrave    ▶ */s/ Deborah S. Mallgrave*
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]         CIVIL CASE COVER SHEET         Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

American LegalNet, Inc.
www.FormsWorkflow.com