1  WAYNE R. GROSS, State Bar No. 138828
    *WGross@GGTrialLaw.com*
2  EVAN C. BORGES, State Bar No. 128706
    *EBorges@GGTrialLaw.com*
3  DEBORAH S. MALLGRAVE, State Bar No. 198603
    *DMallgrave@GGTrialLaw.com*
4  GREENBERG GROSS LLP
   650 Town Center Drive, Suite 1700
5  Costa Mesa, California 92626
   Telephone: (949) 383-2800
6  Facsimile: (949) 383-2801

7  Attorneys for Plaintiff Manna Kadar
   Beauty, Inc.

8
## UNITED STATES DISTRICT COURT
9
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
10

| MANNA KADAR BEAUTY, INC., | Case No. 8:21-cv-00595-JLS-ADS |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| v. | **(1) DECLARATORY JUDGMENT** |
| EVANSTON INSURANCE COMPANY, | **(2) BAD FAITH — UNREASONABLE FAILURE TO DEFEND** |
| Defendant. | The Hon. JOSEPHINE L. STATON |

Plaintiff Manna Kadar Beauty, Inc. ("MKB") alleges as follows:

## I. NATURE OF THE ACTION

1. In this action, MKB seeks a declaratory judgment that a Commercial General Liability insurance policy (the "Policy") that Evanston Insurance Company ("Evanston") issued to MKB establishes coverage for an underlying cross-demand for arbitration brought by FabFitFun ("FFF") against MKB. The underlying arbitration is captioned *Manna Kadar Beauty, Inc. v. FabFitFun, Inc.*, AAA Arbitration No. 01-19-0003-0245 (the "Arbitration").

2. In the underlying arbitration, FFF has alleged (without merit) that MKB's Charcoal Body Scrub (the "Scrub") caused personal injuries. FFF's claims in the Arbitration are covered under the Policy. The Policy provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Policy § I.1.a.) Importantly, the Policy provides, "[w]e will have the right and *duty to defend the insured against any 'suit'* seeking those damages." (*Ibid.*; emphasis added.)

3. Moreover, under California law, the insurer has a broad duty to defend. For example, "that the precise causes of action pled by the third party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." (*Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643, 654.) "In general, where there is any doubt as to whether the duty to defend exists, the doubt must be resolved in favor of the insured and against the insurer." (*Ringler Associates Inc. v. Maryland Cas. Co.* (2000) 80 Cal.App.4th 1165, 1186.) Thus, under the California law, Evanston is obligated to provide coverage.

4. Despite the claims made in the Arbitration of bodily injury, Evanston has refused to provide coverage. MKB therefore brings this action for declaratory relief, which seeks a declaration that the Policy provides coverage for the

Arbitration, and that Evanston has a duty to provide for MKB's defense. MKB also alleges that Evanston acted in bad faith in denying MKB's claim. In particular, given the broad scope of the insurer's duty to defend, and the allegations made in the Arbitration, Evanston has no good-faith basis to deny coverage. MKB therefore also seeks monetary damages, including punitive damages.

## II.  PARTIES

5. Plaintiff Manna Kadar Beauty, Inc. is a cosmetics company located in Irvine, California.

6. Defendant Evanston Insurance Company is an insurance company that, on information and belief, is based in Illinois.

7. Markel Service, Incorporated ("Markel Service") is a claim service manager for Evanston Insurance Company and, on information and belief, is headquartered in Glen Allen, Virginia.

## III.  JURISDICTION AND VENUE

8. The Court has jurisdictional over this matter. An endorsement to the Policy provides that, "It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of the Named Insured, will submit to the jurisdiction of a court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court." Further, the endorsement states, "Pursuant to Section 1772, et seq., of the California Insurance Code, a surplus line insurer may be sued upon any cause of action arising in this state under any surplus line insurance contract made by it, or any evidence of insurance issued or delivered by the surplus line broker, pursuant to the procedures set forth in Sections 1610 to 1620, inclusive."

9. MKB is based in Irvine, California, and this lawsuit relates to an arbitration currently pending in California.

10. Accordingly, this matter is properly before the Orange County Superior Court.

### IV. FACTUAL ALLEGATIONS

**A. The Policy**

11. Evanston issued policy number 3AA339942 to MKB (the "Policy"). The Policy is a Commercial General Liability ("CGL") policy. Per the declarations page of the Policy, the Policy has a general aggregate limit of $2,000,000. The aggregate limit for "Products/Completed Operations" is also $2,000,000. The policy also provides a $1,000,000 limit for "Personal and Advertising Injury," and a limit of $1,000,000 for "Each Occurrence." The "Common Policy Declarations" page states that the "Policy Period" is "5/17/2019 to 05/17/2020."

12. The Policy provides that the insurer will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (CGL Coverage Form at ¶ 1(a).) The Policy further provides that the insurer "will have the right and duty to defend the insured against any 'suit' seeking those damages." (*Ibid.*)

13. According to the Manufacturers and Distributors Value Enhancement endorsement to the Policy, "'Bodily injury' means: a. Bodily injury, sickness or disease sustained by a person, including mental anguish or emotional distress resulting from any of these; or b. Death resulting from bodily injury, sickness or disease."

**B. FFF's Claims Against MKB in the Arbitration**

14. In the underlying cross-demand for arbitration brought by FFF against MKB, FFF claims that MKB's Scrub caused its customers to suffer bodily injuries.

15. FFF claimed that "[s]everal customers complained about getting rashes and breaking out in hives." FFF also insinuated that one of the Scrub's ingredients was not "100% safe."

16. FFF further claimed that "a number of customers complained about

getting rashes after applying the" Scrub.  According to FFF, its "customers complained of getting 'itchy/burning red bumps,' 'painful burns,' 'chemical-like burns,' and breaking out in 'hives.'"

17.     Although MKB denies FFF's claims, and insists that the Scrub is a quality product that has not caused consumer harm, there can be no doubt that FFF has alleged bodily injuries given the plain language of its counter-demand for arbitration.

### C. MKB Tenders Its Claim and Evanston Insurance Company Refuses to Provide Coverage

18.     Through counsel, MKB tendered its claim to Evanston Insurance Company.  Evanston assigned a claim number of C065859, and assigned adjuster Sanjay Shivpuri to the file.  Mr. Shivpuri is a Sr. Claims Examiner who works for Markel Service, in Deerfield, Illinois.

19.     On or about December 18, 2019, MKB received a "Disclaimer of Coverage"

20.     The Disclaimer of Coverage stated, "Markel Service, Incorporated, as claim service manager for Evanston Insurance Company ('Evanston'), acknowledges receipt of Counter-Claimant FabFitFun, Inc.'s ('FabFitFun') Counter Demand for: 1) Breach of Contract; and 2) Declaratory Relief ('Counter-Demand') against Manna Kadar Beauty, Inc. ('Insured') dated November 19, 2019, pending before the American Arbitration Association in Action No. 01-19-0003-0245."

21.     The Disclaimer of Coverage further stated, "Based upon a review of the Counter-Demand and the policy, Evanston disclaims coverage for the claims asserted in the Counter-Demand."  Thus, Defendant has improperly refused to defend against counter-claims alleging bodily injury in the Arbitration.

## V. FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

### (Against Defendant Evanston Insurance Company)

22. Plaintiff hereby incorporates by reference paragraphs 1 through 22 of this First Amended Complaint as though set forth in full herein.

23. An insurer must defend against a suit even "where the evidence suggests, but does not conclusively establish, that the loss is not covered." (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 299.)

24. "Moreover, that the precise causes of action pled by the third party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." (*Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643, 654.) "If any facts stated or fairly inferable in the complaint, or otherwise known or discovered by the insurer, suggest a claim potentially covered by the policy, the insurer's duty to defend arises and is not extinguished until the insurer negates all facts suggesting potential coverage." (*Id.* at p. 655.)

25. "In general, where there is any doubt as to whether the duty to defend exists, the doubt must be resolved in favor of the insured and against the insurer." (*Ringler Associates Inc. v. Maryland Cas. Co.* (2000) 80 Cal.App.4th 1165, 1186.) In an action seeking a declaration that an insurer has a duty to defend, "the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot." (*Montrose, supra*, 6 Cal.4th at p. 300.)

26. The Policy provides coverage for claims involving "bodily injury." The Policy provides that the insurer will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (CGL Coverage Form at ¶ 1(a).) The Policy further provides that the insurer "will have the right and duty to defend the insured

-6-
Case No. 8:21-cv-00595-JLS-ADS
FIRST AMENDED COMPLAINT

against any 'suit' seeking those damages." (*Ibid.*)

27. The claims asserted by FFF in the underlying counter-demand for arbitration include bodily injury claims. FFF claimed that "[s]everal customers complained about getting rashes and breaking out in hives." FFF further claimed that "a number of customers complained about getting rashes after applying the" Scrub. According to FFF, its "customers complained of getting 'itchy/burning red bumps,' 'painful burns,' 'chemical-like burns,' and breaking out in 'hives.'"

28. Accordingly, under the Policy, Defendant has a duty to defend. In refusing to provide coverage and defense, Defendant has breached that duty. An actual controversy therefore exists, and MKB is entitled to a judicial declaration of its rights under the Policy.

## VI.   SECOND CLAIM FOR RELIEF
### (Bad Faith — Unreasonable Failure to Defend)
### (Against Defendant Evanston Insurance Company)

29. Plaintiff hereby incorporates by reference paragraphs 1 through 29 of this First Amended Complaint as though set forth in full herein.

30. MKB was harmed by Defendant's breach of the obligation of good faith and fair dealing because Defendant failed to defend MKB in an arbitration that was brought against it.

31. MKB was insured under an insurance policy with Defendant, i.e., the Policy.

32. An arbitration was brought against MKB, and MKB gave Defendant timely notice that it was subject to a counter-demand for arbitration.

33. Defendant unreasonably, that is, without proper cause, failed to defend MKB against the arbitration.

34. MKB was harmed, including, without limitation, by having to pay legal expenses that otherwise would have been paid by Defendant.

35. Defendant's conduct was a substantial factor in causing MKB's harm.

## VII. PRAYER FOR RELIEF

WHEREFORE, MKB prays that this Court order, adjudge and decree the following relief:

A. A judicial declaration that the Policy requires Defendant to advance costs of defense, including legal fees, to defend against FFF's claims in the Arbitration;

B. Monetary damages resulting from Defendant's failure to provide coverage;

C. Attorneys' fees and costs of suit; and

D. For such other and further relief as the Court may deem just and proper.

DATED: May 19, 2021  GREENBERG GROSS LLP

By: *Deborah S. Mallgrave*
Wayne R. Gross
Evan C. Borges
Deborah S. Mallgrave
Attorneys for Plaintiff Manna Kadar
Beauty, Inc.

# PROOF OF SERVICE

**Manna Kadar Beauty, Inc. v. Evanston Insurance Company**
**Case No. 8:21-cv-00595-JLS-ADS**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On May 19, 2021, I served true copies of the following document(s) described as **FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Terrence R. McInnis
terrence.mcinnis@troutman.com
James A. Hazlehurst
james.hazlehurst@troutman.com
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 19, 2021, at Costa Mesa, California.

Sarah Campbell