UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:21-cv-00595-JLS-ADS　　　　　　　　　　　　　Date: November 10, 2021
Title: Manna Kadar Beauty, Inc. v. Evanston Insurance Company et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Elsa Vargas fo Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:
Not Present　　　　　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 13)**

　　　　Before the Court is Defendant's Motion to Dismiss.  (Mot., Doc. 13; Mem. Doc. 13-1.)  Plaintiff opposed and Defendant replied.  (Docs. 20, 22.)  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for **November 12, 2021 at 10:30 a.m.**, is VACATED.  Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion.

**I.　BACKGROUND**

　　　　Plaintiff Manna Kadar Beauty, Inc. ("MKB") is a cosmetics company located in Irvine, California.  (First Amended Compl. ("FAC"), Doc. 12, ¶ 5.)  Defendant Evanston Insurance Company ("Evanston") is an insurance company based in Illinois, and Markel Service, Incorporated is a claim service manager.  (*Id.* ¶¶ 6-7.)  MKB filed the present action for (1) declaratory judgment that a Commercial General Liability insurance policy issued by Evanston to MKB establishes insurance coverage for an underlying cross-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00595-JLS-ADS                        Date: November 10, 2021
Title: Manna Kadar Beauty, Inc. v. Evanston Insurance Company et al

demand for arbitration brought by FabFitFun ("FFF") against MKB, and (2) bad faith in failing to defend MKB in the arbitration.[1]

**A. The Underlying Arbitration**

In the underlying arbitration, FFF alleges claims for breach of written contract and declaratory relief arising from a deal for the sale of a body scrub containing Dead Sea minerals and activated charcoal. (Ex. 1 to Bourey Decl., FFF's Counter Demand ("Counterclaim"), Doc. 13-2, at ECF 6, 20-23.) FFF and MKB executed a Master Purchase Agreement ("MPA") dated April 11, 2017 for the purchase of MKB products by FFF. (*Id.* at ECF 9.) Subsequently, after discussions between the parties, on August 17, 2018, FFF and MKB entered into a Purchase Order whereby MKB agreed to deliver 1,600,000 units of body scrub formulated with charcoal and Dead Sea Minerals. (*Id.* at ECF 13.) FFF alleges that MKB submitted to FFF numerous samples, sample labels, and marketing materials for the product, all of which included and promoted the key ingredients: activated charcoal and Dead Sea minerals. (*Id.* at ECF 14.) However, FFF alleges that the product MKB ultimately delivered to FFF, "despite being delivered in outer cartons that referenced Sea Minerals,'" omitted any "reference to 'Sea Minerals' . . . from the label on the Product and the Product was formulated with neither activated charcoal nor Dead Sea minerals." (*Id.* at ECF 15.)

FFF alleges that MKB breached the MPA and Purchase Order by: (1) "shipping Product which was misbranded, mislabeled, and formulated with ingredients potentially harmful to the public and prohibited for certain types of use by the FDA"; (2) by "failing

---

[1] Although a court's inquiry for purposes of a Motion to Dismiss is limited to the allegations of the complaint and documents attached to the complaint, the Court may also consider documents that are incorporated by reference in the complaint. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) ("[W]e hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."). Accordingly, the Court looks also to the insurance policy and the Counterclaim in considering this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00595-JLS-ADS                        Date: November 10, 2021
Title: Manna Kadar Beauty, Inc. v. Evanston Insurance Company et al

to deliver Product in conformity with the requirements and samples approved by" FFF; (3) by "making changes to the packaging and labeling of the Product without written agreement of [FFF]" and failing to notify FFF of such changes; (4) by "failing to provide Product that is fit and sufficient for purposes for which goods of that type are ordinarily used, as well as for purposes [MKB] had specified or advertised, and that function and operate as intended"; and (5) by "failing to deliver Product, including the packaging, advertising, labels and other materials contained on, with, or relating to the Product, that comply with the Federal Trade Commission Act and all other applicable laws, rules and regulations prohibiting false and deceptive marketing and advertising." (*Id.* at ECF 21.)

      In its prayer for relief, FFF seeks an "award of compensatory damages for damages caused by [MKB's] breaches of the MPA and Purchase Order in an amount according to proof." (*Id.* at ECF 23.) It also seeks a declaration finding: (1) that the product was non-conforming and in breach of the requirements set forth in the MPA and Purchase Order; (2) that because the product was non-conforming, FFF may withhold payment; and (3) that MKB is required to replace the non-conforming product. (*Id.*) FFF also requests an award of reasonable attorney fees and costs and "[a]ll other relief the Panel deems just and proper." (*Id.*)

### B. The Terms of the Insurance Policy

      Evanston issued policy number 3AA339942 to MKB (the "Policy"). (FAC ¶ 11.) The Policy is a Commercial General Liability policy. (*Id.*; Ex. 2 to Bourey Decl., Commercial General Liability Policy (the "Policy"), Doc. 13-2.) The Policy provides that the insurer will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (FAC ¶ 12; Policy at ECF 98.) "This insurance applies to 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory[.]'" (Policy at ECF 98.) Moreover, the insurer "will have the right and duty to defend the insured against any 'suit' seeking those damages." (FAC ¶ 12; Policy at ECF 98.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00595-JLS-ADS                                                    Date: November 10, 2021
Title:  Manna Kadar Beauty, Inc. v. Evanston Insurance Company et al

The Policy defines bodily injury as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."  (Policy at ECF 110.)  Occurrence means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  (*Id.* at ECF 112.)

## II.     LEGAL STANDARD

### A.  Motion to Dismiss

"Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'  Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Alfred v. Walt Disney Co.*, 388 F. Supp. 3d 1174, 1180 (C.D. Cal. 2019) (citation omitted) (quoting Fed R. Civ. P. 12(b)(6)).  In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Courts must also draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  A plaintiff must not merely allege conduct that is conceivable.  When "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00595-JLS-ADS            Date: November 10, 2021
Title: Manna Kadar Beauty, Inc. v. Evanston Insurance Company et al

### B. Insurance Contract Interpretation

Under California law, the interpretation of an insurance contract is a question of law for the courts. *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). "While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992). "If the policy language is clear and explicit, it governs." *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (internal quotations omitted). "[I]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promise understood it." *Bank of the W.*, 2 Cal. 4th at 1264-65. "Only if this rule does not resolve the ambiguity do [courts] then resolve it against the insurer." *Id.* at 1265. Courts should not "strain to create an ambiguity where none exists." *Ray v. Valley Forge Ins. Co.*, 77 Cal. App. 4th 1039, 1044 (1999).

"It has long been a fundamental rule of law that an insurer has a duty to defend an insured if it becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement." *Waller*, 11 Cal. 4th at 19. This duty is "separate from and broader than the insurer's duty to indemnify." *Id.* Where there is "no possibility of coverage, there is no duty to defend." *Id.* (internal quotations omitted). "[T]he determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Id.* "[W]here . . . extrinsic facts eliminate the potential for coverage, the insurer may decline to defend even when the bare allegations in the complaint suggest potential liability," because "the duty to defend, although broad, is not unlimited; it is measured by the nature and kinds of risk covered by the policy." *Id.*

### III.    DISCUSSION

MKB contends that it is entitled to coverage based on the Policy's provision obligating Evanston to "pay those sums that [MKB] becomes legally obligated to pay as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00595-JLS-ADS                                          Date: November 10, 2021
Title:  Manna Kadar Beauty, Inc. v. Evanston Insurance Company et al

damages because of 'bodily injury' or 'property damage' to which this insurance applies" and stating that Evanston "will have the right and duty to defend [MKB] against *any 'suit'* seeking those damages."  (Opp., Doc. 20, at 10-11 (citing Policy at ECF 98).)[2] Evanston asserts that the underlying arbitration with FFF does not seek damages because of bodily injury or property damage, and therefore, it has no duty to defend.  (Mem. at 1, 10.)  It also argues that that the arbitration counterclaim does not seek damages caused by an "occurrence," as required for coverage of bodily injury damages.  (*Id.* at 1, 13.)  The Court will address these arguments in turn, and then it will consider MKB's bad faith claim.

### A. Bodily Injury Coverage

The Policy provides coverage for "damages because of 'bodily injury[.]'"  The Court concludes that the Counterclaim does not seek damages because of bodily injury, and accordingly, Evanston has no duty to defend MKB in the arbitration proceeding.

"[T]he nature of the damage and the risk involved, in light of particular policy provisions, control coverage."  *Vandenberg v. Super. Ct.*, 21 Cal. 4th 815, 839 (1999). "California law makes clear that the occurrence itself must directly cause the bodily injury . . . for coverage to apply."  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d. 1047, 1057 (C.D. Cal. 2011) (citing *Am. Int'l Bank v. Fid. & Deposit Co.*, 49 Cal. App. 4th 1558, 1569 (1996)).  California courts interpreting commercial general liability policies have held that purely economic damages, or claims

---

[2] The Court need not address Evanston's arguments regarding coverage based on "property damage" under Coverage A of the Policy, or for personal and advertising injury under Coverage B of the Policy.  (*See* Mem. 10, 17-21.)  In its Opposition, MKB expressly disclaims coverage on these bases.  (*See* Opp. at 6 ("[T]he Court need not consider Evanston's coverage arguments relating to 'property damage' under Coverage A of the Policy, or for advertising injury liability under Coverage B of the Policy.  [MKB] does not seek coverage under these policy provisions . . . . [and MKB's FAC] focuses solely on Evanston's duty to defend arising out of the bodily injury allegations and damages claims in the Counterclaim.").)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:21-cv-00595-JLS-ADS | Date: November 10, 2021 |
| Title: Manna Kadar Beauty, Inc. v. Evanston Insurance Company et al | |

for breach of contract, do not involve damage "because of 'bodily injury'" within the meaning of those policies. *See id.* (lost patronage claim following E. Coli outbreak not a claim for damages "because of bodily injury"); *Waller*, 11 Cal. 4th at 23 ("CGL policies do not provide coverage for economic losses that cause emotional distress . . . the CGL policy provides coverage for 'occurrences' that cause bodily injury or tangible property losses . . . . These policies were never intended to cover emotional distress damages that flow from an uncovered 'occurrence[.]'").

  Here, the nature of the damage alleged in the Counterclaim is purely economic and contractual; nowhere does the Counterclaim seek relief based on bodily injury suffered by its customers. The Counterclaim asserts only claims for breach of written contract—alleging that MKB breached the terms of the MPA and Purchase Order by delivering nonconforming product—and for declaratory relief. (Counterclaim at ECF 20-23.) In its prayer for relief, FFF seeks only "[a]n award of compensatory damages caused by [MKB's] breaches of the MPA and Purchase Order in an amount according to proof." (*Id.* at ECF 23.) It seeks a declaration finding that the product is non-conforming, FFF is entitled to withhold payment, and MKB is required to replace the non-conforming product. (*Id.*) And it seeks an award of reasonable attorneys' fees and costs. (*Id.*) Nowhere does the Counterclaim indicate that FFF is seeking damages related to any bodily injuries experienced by its customers. Although MKB points to FFF's citation to the effects experienced by its customers, those citations merely bolster FFF's contention that the goods MKB delivered were nonconforming; they do not purport to provide an independent basis for relief. (*Id.* at ECF 16-17.)

  The mere theoretical possibility that FFF or one or more of its customers could bring claims on such grounds is insufficient to trigger the duty to defend against the Counterclaim as pleaded. *See Hurley Constr. Co. v. State Farm Fire & Casualty Co.*, 10 Cal. App. 4th 533, 539 (1992) (no reasonable expectation of coverage and no duty to defend when policy limited coverage to property or bodily injury damages and complaint sought only economic and punitive damages). An "insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00595-JLS-ADS            Date: November 10, 2021
Title: Manna Kadar Beauty, Inc. v. Evanston Insurance Company et al

which the third party claimant might amend its complaint at some future date." *Gunderson v. Fire Ins. Exch.*, 37 Cal. App. 4th 1106, 1114 (1995). The possibility of future allegations of bodily harm does not give rise to a potential for coverage triggering a duty to defend against a complaint filed that does not actually allege any facts giving rise to a claim for damages because of bodily injury. *See Ulta Salon, Cosms. & Fragrance, Inc. v. Travelers Prop. Cas. Co. of Am.*, 197 Cal. App. 4th 424, 432-33 (2011). "[T]he insured may not speculate about unpled third party claims to manufacture coverage." *Id.* at 433.

### B. Occurrence

Additionally, coverage for bodily injury under the Policy exists only when such injury is caused by an "occurrence." (Policy at ECF 98.) The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* at ECF 112.) The Court alternatively concludes that because the Counterclaim does not seek damages because of bodily injury caused by an occurrence, Evanston has no duty to defend MKB in the arbitration proceeding.

"As a general matter, the meaning of the term 'accident' in a liability insurance policy is settled in California." *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 5 Cal. 5th 216, 221 (2018). "[A]n accident is an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Id.* (internal quotations omitted). "This common law construction of the term accident becomes part of the policy and precludes any assertion that the term is ambiguous." *Id.* (internal quotations omitted). "Under California law, the word 'accident' in the coverage clause of a liability policy refers to the conduct of the insured for which liability is sought to be imposed." *Id.* (internal quotations omitted).

Here, the FAC does not address the circumstances by which the goods at issue became non-conforming. (*See* FAC.) The Counterclaim, however, alleges that even though the "product profile form that [MKB] filled out and submitted to [FFF] . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00595-JLS-ADS     Date: November 10, 2021
Title: Manna Kadar Beauty, Inc. v. Evanston Insurance Company et al

described the scrub as being formulated with Dead Sea minerals and activated charcoal," and "[e]very product sample delivered to [FFF] by [MKB] . . . include[d] references on the label to Dead Sea minerals and activated charcoal," "the scrub that [MKB] delivered to [FFF] had neither Dead Sea minerals nor activated charcoal." (Counterclaim at ECF 5-6.)  Moreover, the Counterclaim notes that, after looking into it, MKB "acknowledged that the product did not in fact include Dead Sea minerals, and that reference to Sea Minerals had been removed from the product label at the last minute during production." (*Id.* at ECF 6.)  And when FFF inquired about label changes, MKB explained that "the changes on the label were to 'meet EU/AU standard,'" but MKB "never once told [FFF] that the product claims or marketing materials for the scrub should be amended in any way and at the time, [FFF] had no reason to believe those claims were false." (*Id.* at ECF 7.)

    These uncontroverted allegations support that MKB's failure to provide conforming goods was not unexpected or unforeseen, *i.e.*, it was not an accident.  MKB changed the product formula and label in advance of delivering the goods to FFF, suggesting that the changes were not accidental, but intentional.  "An intentional act is not an 'accident' within the plain meaning of the word." *Hurley Constr.*, 10 Cal. App. 4th at 539 (internal quotations omitted).  Therefore, neither the delivery of nonconforming goods, nor the subsequent issues with those goods as experienced by FFF's customers, can fairly be said to be an accident—that is, unexpected, unforeseen, or undesigned.  The injury at issue in the underlying arbitration, therefore, is not the result of an "occurrence" within the meaning of the Policy.

    Accordingly, as the Counterclaim asserts claims against MKB that are not attributable to bodily injury caused by an occurrence, there is no potential for coverage under the Policy.  Evanston has no duty to defend.  The Court need not and does not reach any other arguments briefed by the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00595-JLS-ADS                                   Date: November 10, 2021
Title: Manna Kadar Beauty, Inc. v. Evanston Insurance Company et al

### C. Bad Faith Claim

The Court dismisses MKB's claim for breach of the implied covenant of good faith and fair dealing (the "bad faith claim") because a "bad faith claim cannot be maintained unless policy benefits are due in accord with the policy in which the duty of good faith is [firmly] rooted." *Waller*, 11 Cal. 4th at 36 (internal quotations omitted). As the Court has determined that Evanston does not have a duty to defend, no benefits are due under the Policy, and MKB cannot state a claim for bad faith.

### IV.  CONCLUSION

For the above reasons, Evanston's Motion is GRANTED. Because "the complaint could not be saved by any amendment," *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007), MKB's claims are dismissed with prejudice. Evanston is further ORDERED to submit to the Court, no later **than five (5) days from the date of this Order**, a proposed judgment pursuant to the Court's Procedures.

Initials of Deputy Clerk: eva/mku